UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>PRETTIPAUL, ET AL.,<br><br>　　　　　　Defendant(s). | Case No. **1:25−CV−00707−JLT−SAB**<br><br>NOTICE OF THIS COURT'S EXPEDITED TRIAL SETTING PROCEDURES UPON CONSENT OF ALL PARTIES |

　　Due to the extraordinarily high caseload held by the district court judges in the Fresno Division of this district, trials in civil rights actions concerning prison conditions can and often are conducted by a United States Magistrate with the consent of all the parties. As a result, a trial conducted by a Magistrate Judge is far more likely to proceed on the scheduled trial date, as the trial will not be delayed by other matters. Presently, when a civil trial is set before a district judge, any criminal trial which conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent a specific and stated finding of good cause. Instead, the civil trial may <u>trail</u> from day to day or week to week until the completion of either the criminal case or the older civil case. Consenting to the jurisdiction of a Magistrate Judge for all purposes will most likely expedite resolution of this action and result in an earlier trial date due to the Court's present trial schedule.

/////

As a result, the parties are reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit. Even if you have already declined magistrate judge jurisdiction you may now consent.

In this case, a trial will not be set until after the deadline for filing dispositive motions has passed or after a district judge has ruled on any dispositive motions that are filed, such as a motion for summary judgment. In non−consent cases, all dispositive motions are referred to a United States Magistrate Judge for issuance of a findings and recommendation. The findings and recommendation are then considered by the district judge. Due to the Court's heavy caseload, this process may take months from the initial filing of the motion to the district judge's ruling on the motion. Additionally, as noted above, due to the district judge's heavy caseload, when this case is ready to be set for trial it will be subject to the trailing policy of the district judges. Therefore, any criminal case or older civil case set for the same date will proceed first and the parties must be prepared to start the trial in this action when the preceding trials are completed.

If all parties in this action consent to the jurisdiction of a United States Magistrate Judge for all purposes, this Court will immediately schedule a trial setting hearing. Generally, the trial date is set approximately six months after the deadline for the filing of dispositive motons.[1] See Court's Discovery and Scheduling Order for dispositive motion deadline. If the parties participated in this expedited procedure, at the trial setting hearing, the Court will conduct the following:

1. Set the matter for trial before this Court, acknowledging that if a dispositive motion renders the trial moot then the trial will be vacated. The trial will be set for a date certain and will not be subject to the trailing policy; and

/////

---

[1] This six month time frame affords for a response/reply period to the dispositive motion, consideration of that motion by the court once submitted, and if claims remain after decision on the motion, time periods for deadlines for the filing of motions in limine, pre−trial statements, motions for incarcerated witnesses and motion for payment of unincarcerated witness fees prior to the first day of trial.

2. By agreement of the parties, vacate any unnecessary previously set deadlines, such as dispositive motion deadlines, where the parties stipulate that such deadlines are unnecessary and the parties desire to proceed to trial more expeditiously after the closing of the discovery deadlines.

Additionally, in consent cases, this Court strives to prioritize decisions on motions for cases proceeding in this expedited fashion since a trial date is set and the Court does not wish to delay the trial due to pending motions. As a result, the Court must give greater priority to these matters than non-consent cases in order to avoid changing any future deadlines involving the case and the trial date.

After any ruling on a dispositive motion, and if claims still exist for trial, the Court will hold a trial confirmation hearing to confirm the case for trial on the date previously set, establish deadlines for the filing of motions in limine and pre-trial statements, and set the separate pretrial and motion in limine hearings.

Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District, if the matter proceeds to trial under this process, the Court will handle the actual trial just as any other civil case which comes before the Court.

Withholding consent or declining jurisdiction of a Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences. A party may also consent at any time, even if they have previously declined.

/s/ STANLEY A. BOONE  
UNITED STATES MAGISTRATE JUDGE