UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br><br>             Plaintiff,<br><br>   v.<br><br>PRETTIPAUL,<br><br>             Defendant. | No.  1:25-cv-00707-JLT-SAB (PC)<br><br>ORDER REGARDING REQUEST FOR CLARIFICATION AND STRIKING PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER<br><br>(ECF Nos. 15, 23) |

    Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant Prettipaul for deliberate indifference to a serious medical need.

    On October 2, 2025, Plaintiff filed a notice of change of address, along with a notice to the Court.  (ECF No. 15.)

    On October 3, 2025, Defendant filed an answer to the complaint.  (ECF No. 16.)  After Defendant opted out of the post-screening settlement conference, the Court issued the discovery and schedule order on November 5, 2025.  (ECF Nos. 21, 22.)

    Currently before the Court is Defendant's request for clarification regarding Plaintiff's October 2, 2025 filing, filed November 5, 2025.  (ECF No. 23.)  Therein, Defendant submits that the notice attached to his notice of address describes events and individuals unrelated to the

1

1  operative complaint. (Id.) Defendant states that it is unclear whether Plaintiff's October 2, 2025,
2  notice is an amend or supplement the complaint, and requests that, if the Court deems the notice as
3  an amended complaint, it be screened pursuant 28 U.S.C. § 1915A. (Id.)

4  Here, based on a review of Plaintiff's October 2, 2025 notice, the Court construes it as a
5  premature reply to Defendant's answer, which was subsequently filed on October 3, 2025. (ECF
6  No. 15.) In the introduction sentence, Plaintiff states, "I haven't yet receive [sic] defendants reply
7  to my complaint but I know now I['ve] go's [sic] deny, deny, deny, never admit to wrongdoing of
8  guilt." (Id. at 2.) At the end of the notice, Plaintiff states, "this conclude reply to defendant answer
9  of complaint." (Id. at 6.) Therefore, it appears that Plaintiff is attempting to address any potential
10 denial of the factual allegations in the operative complaint as to Defendant Prettipaul. Accordingly,
11 the Court construes Plaintiff's October 2, 2025, filing as a reply to Defendant's answer.

12 Neither the Federal Rules of Civil Procedure nor the Local Rules provide for the right to
13 file a reply to an answer, and the Court did not order that a reply be filed. Fed. R. Civ. P. 7(a)(7).
14 Therefore, the reply to the answer filed by Plaintiff on October 2, 2025, is stricken from the record.

IT IS SO ORDERED.

Dated:  **November 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge