UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br><br>          Plaintiff,<br><br>     v.<br><br>PRETTIPAUL,<br><br>          Defendant. | No.  1:25-cv-00707-JLT-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOVEMBER 21, 2025, NOTICE<br><br>(ECF No. 25) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant Prettipaul for deliberate indifference to a serious medical need.

On October 3, 2025, Defendant filed an answer to the complaint.  (ECF No. 16.)  After Defendant opted out of the post-screening settlement conference, the Court issued the discovery and schedule order on November 5, 2025.  (ECF Nos. 21, 22.)

On November 21, 2025, Plaintiff filed a notice to the Court asking the Court and defense counsel to "review [the] complaint and facts and determine who was responsible for [Plaintiff's] safety. . . ." (ECF No. 25 at 2.)  Plaintiff further seems to imply that defense counsel misled him regarding a potential settlement conference and appears to attempt to propound discovery

1

requests in this filing. (Id. at 1, 3.)

In response, Defendant submits:

> To comply with this Court's order referring this matter to mandatory early alternative dispute resolution (ADR) (ECF No. 17), the undersigned defense counsel had a telephone call with Mr. Hodges on October 28, 2025. (Declaration of R. Brandel (Brandel Decl.), ¶¶ 2-3; ECF No. 17 at 2.) On that call, defense counsel explained to Mr. Hodges that she was still evaluating the merits of the claim, as well as potential defenses, to determine whether Defendant would be moving to opt out of the settlement conference by the deadline of November 5, 2025. (Brandel Decl., ¶ 3.) Defense counsel explained that should Defendant decide to move to opt out of the settlement conference, Mr. Hodges would receive notice of the same, as well as notice once the Court rendered an order on that potential motion. (Id.) On the same call, defense counsel asked Mr. Hodges for a settlement demand and whether he would be willing to negotiate should the Parties proceed with early ADR. (Id.) Over the following days, the undersigned determined that early ADR would not be productive, and that moving to opt out of early ADR was in Defendant's best interests. (Id.; ECF Nos. 20, 20-1.) The Court granted Defendant's motion to opt out on November 5, 2025. (ECF No. 21.)
>
> Subsequently, the Court issued a scheduling order that included allowing the parties to conduct discovery. (ECF No. 22.) The questions that Hodges asks the Court at the end of his filing (ECF No. [2]5 at 3), appear to be discovery that should be propounded on Defendant as discovery requests under the Federal Rules. Defense counsel requests that the Court instruct Hodges that any questions he wishes to ask, or evidence he wishes to request, be propounded on Defendant as either requests for admission, requests for production, or interrogatories as appropriate under, and in line with, the Federal Rules of Civil Procedure.

(ECF No. 26 at 2-3.)

If Plaintiff is seeking to propound discovery on Defendant, he must properly prepare and serve such request upon Defendant in accordance with the Federal Rules of Civil Procedure. (See ECF No. 22.)

IT IS SO ORDERED.

Dated:   **November 25, 2025**

_____
STANLEY A. BOONE
United States Magistrate Judge

2